# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with the cellular telephone assigned call number: (618) 713-6265; stored at Verizon (Fully described in Attachment A) | Case No. 22-896M(NJ)<br>**Matter No.: 2022R00114** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Over which this Court has jurisdiction pursuant to 18 U.S.C. §§ 2703 and 2711 and Federal Rule of Criminal Procedure 41.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   6/1/22   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. Nancy Joseph   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   5/18/22 @ 12:11p.m.   *Nancy Joseph*
                                              *Judge's signature*

City and state:   Milwaukee, WI   Hon. Nancy Joseph, U.S. Magistrate Judge
                                  *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number: (618) 713-6265 ("the TARGET CELL PHONE"). These records are stored at premises controlled by Verizon ("Service Provider") a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921, also described in Attachment A.

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information To Be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of May 1, 2021 to the present:

    **A.     Subscriber Information and Call Detail Records:** The following information about the customers or subscribers of the Account listed Attachment A:

        1.    Subscriber/customer names (including usernames and screen names);

        2.    Subscriber/customer addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long-distance call detail and tolls records for the Account;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

Case 2:22-mj-00896-NJ     Filed 05/18/22     Page 4 of 20     Document 1

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

a. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

   i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

   ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

   iii. Records of user activity for each connection made to or from the Account, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses (IPV6 data records);

   iv. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

   v. All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

   vi. All historical GPS or other precision location information associated with the Account listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

**II. Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of the violation of federal law, including, Title 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), Title 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying" and Title 18 U.S.C. § 371, conspiracy between May 1, 2021 and the present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with the cellular telephone assigned call number:<br>(618) 713-6265; stored at Verizon (Fully described in Attachment A) | )<br>)<br>) Case No. 22-896M(NJ)<br>) **Matter No.: 2022R00114**<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Over which this Court has jurisdiction pursuant to 18 U.S.C. §§ 2703 and 2711 and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 922(a)(6);<br>18 U.S.C. 922(g)(1) | Felon in possession of a firearm; straw purchasing. |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

FRANK RUTTER
Digitally signed by FRANK RUTTER
Date: 2022.05.16 17:20:26 -05'00'

*Applicant's signature*

SA Frank Rutter, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 5/18/22

*Judge's signature*

City and state: Milwaukee, WI

Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Frank Rutter, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for records information associated with a certain cellular telephone assigned call number (618) 713-6265 ("the TARGET CELL PHONE"). These records are stored at premises controlled by Verizon ("Service Provider") a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921, also described in Attachment A. The information to be searched is described in the following paragraphs and in Attachment B.

2. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require the Provider to disclose to the government subscriber/call detail information and historical location data (including cell-site data) maintained by the Provider as further described in Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. I am employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since 2015. As an ATF Agent, I have conducted numerous investigations involving violations of federal and state laws including violations of 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying" as well as investigations related to the unlawful use/possession of firearms and firearms trafficking; investigations involving violations of 21 U.S.C. § 841(a)(1) and 846 (conspiracy to possess with the intent to distribute and distributing a controlled substance). I have had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession and firearms trafficking; I have participated in the

execution of search warrants in which firearms, ammunition and controlled substances were seized; and I am familiar with the street name(s) of firearms, controlled substances and respective related topics.

4. This affidavit is made in support of an application for a warrant to search the information described in Attachment A. The search will be for evidence and instrumentalities associated with violations of 18 U.S.C. § 922 (g)(1), felon in possession of a firearm, Title 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying" and Title 18 U.S.C. § 371, Conspiracy.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. I am aware that electronic devices, such as cellphones, can be used to store and save audio, video, and text files that can link to a variety of criminal activity. I am also aware that smart cellphones are capable of capturing location history for the device.

7. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, Title 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying", and Title 18 U.S.C. § 371, conspiracy, have been committed. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## PROBABLE CAUSE

8. On July 29, 2021, the Wisconsin State Patrol (WSP) conducted a traffic stop on a vehicle traveling northbound on Interstate 41 in Appleton, Wisconsin located within the Eastern District of Wisconsin. The vehicle can be described in more detail as a 2014, white in color, Toyota bearing Wisconsin license plate CB34802 and VIN: 4T1BD1FK7EU103830. The driver and sole occupant, identified as Jaquan M. Wilson (DOB: 1994), was arrested for several offenses including felon in possession of a firearm. Recovered from the vehicle were numerous items of evidentiary value including, but not limited to, two (2) firearms, suspected marijuana, a Dremel set and a cellular phone. It should be noted the cellular phone had a sticker affixed to the back identifying it as having telephone number 618-713-6265 ("the TARGET CELL PHONE"). Affiant is aware that one (1) of the recovered firearms had an obliterated serial number. The firearms can be described in further detail as:

- Manufacturer: Sarsilmaz, Importer: SAR USA, Model: SAR 9, Caliber: 9mm, SN: T1102-21BV87638, Type: Pistol; and

- Manufacturer: Taurus, Importer: Taurus International, Model: The Judge, Caliber: 45/410, SN: OBLITERATED, Type: Revolver.

9. Wilson has a felony conviction from Cook County, Illinois, Case 2013CR155110 for Armed Robbery, and he is therefore federally prohibited from possessing firearms.

### Firearm Tracing Information and Use of Target Cell Phone

10. Affiant reviewed ATF eTrace information for the above referenced Sarsilmaz pistol bearing serial number T1102-21BV87638. Affiant learned this firearm was purchased on July 29, 2021 at Tom's Military Arms & Guns (FFL: 3-39-08841) located at 355 N. Main Street in Fond Du Lac, Wisconsin. The firearm was purchased by Brianna E. Leichtenberg (DOB: 1995). Affiant

3

is aware Leichtenberg provided her telephone number as 920-251-2541 during the firearm purchase. During this purchase, Leichtenberg was required to complete various documents including ATF Form 4473 which is a firearm purchase record required by federal law to be completed when a Federal Firearm Licensee (FFL) transfers a firearm to anyone who does not possess an FFL. ATF Form 4473 documents specifically which firearm/s were sold and to whom they were transferred. Leichtenberg answered "yes" to question 21(a) which stated:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

11. Affiant is aware through review of firearm purchase paperwork that the Sarsilmaz pistol bearing serial number T1102-21BV87638 was documented as being transferred to Leichtenberg at 1901 hours on July 29, 2021. Records show the initial background check was submitted at 1851 hours on July 29, 2021. Affiant is also aware the traffic stop resulting in the recovery of the aforementioned firearm and arrest of Wilson was initiated at approximately 2149 hours on July 29, 2021.

12. Affiant reviewed call detail records (CDR) for telephone number 920-251-2541 belonging to Leichtenberg and observed the below listed communications occurring before and after the aforementioned firearm transfer with telephone number 618-713-6265. Affiant is aware telephone number 618-713-6265 was labeled on the backside of the cellular phone recovered from Wilson during his arrest on 7/29/21.

- 7/29/21 at 1817 hours – 35 second call
- 7/29/21 at 1817 hours – SMS text message

- 7/29/21 at 1825 hours – 21 second call
- 7/29/21 at 1912 hours – 57 second call
- 7/29/21 at 1913 hours – 22 second call
- 7/29/21 at 1925 hours – SMS text message

13. Affiant knows, from his training and experience that individuals who cannot legally purchase firearms as a result of previous felony convictions will often recruit "straw purchasers" to illegally obtain firearm/s on their behalf. These "straw purchases" are often completed with the intent to conceal the true identity of the intended recipient of the firearm. These types of transactions are commonly conducted for financial gain of the "straw purchaser" or as the result of a relationship (familial/romantic/platonic) between the previously convicted felon and the original purchaser. When a firearm is recovered by law enforcement, the firearm information is generally submitted for tracing information. This tracing information can help to identify the origin of the firearm. A common indicator of firearm straw purchasing can be relative short timespans between the purchase of a firearm and its ultimate recovery by law enforcement. Affiant is aware that illegal firearms possessors also sometimes attempt to remove the identifying information from the firearm in an attempt to conceal the origins of the firearm. Under these circumstances, the short "time to crime" and the obliterated serial number were viewed as an investigative lead into the firearm purchasing habits of Leichtenberg.

## Review of Leichtenberg Facebook Account

14. Affiant reviewed Facebook data concerning the Facebook account belonging to Leichtenberg with user ID 100053103860857. The data was obtained via a federal search warrant authorized by Federal Magistrate Judge Stephen Dries, United States District Court, Eastern District of Wisconsin on April 11, 2021.

5

15. Affiant reviewed exchanged messages between Leichtenberg and Nathaniel Endres (DOB: 1992) occurring between July 30, 2021 and August 2, 2021. Below is some of the observed exchange between Leichtenberg and N. Endres:

- 7/30/21 at 1034 hours, Leichtenberg sent, "Man cant believe this shit happened"
- 7/30/21 at 1034 hours, Leichtenberg sent, "Im so keeping my shit"
- 7/30/21 at 1034 hours, Leichtenberg sent, "Im a take my money and when I get the gun im keeping it"
- 7/30/21 at 1037 hours, N. Endres sent, "…Just hearing about all your stuff, I'm surprised you're not sweatin"

16. Affiant is aware on August 2, 2021 at 1136 hours, Leichtenberg and N. Endres began discussing what Leichtenberg should say to law enforcement regarding the firearm. N. Endres provided assistance with Leichtenberg's statement and provided her with an updated draft. N. Endres advised Leicthenberg to remove portions of the statement that explained why she purchased the firearm and to instead state she purchased the firearm for protection. A later draft contained the name "jaquan".

### Cell Phone Usage in Criminal Activity

17. Affiant is aware that evidence of illegal firearm purchase, possession, and/or sales is commonly found within cellular phones. Affiant reasonably believes, based upon the above information, that additional information relevant to the investigation involving violations of Title 18 U.S.C. 922 (g)(1) (felon in possession of a firearm) and Title 18 U.S.C. 922 (a)(6) – "lying and buying" and Title 18 U.S.C. 371 (conspiracy) is maintained by the cellular provider.

18. Affiant knows that subjects involved in crimes with other subjects often need to use the cellphones to coordinate the crime. Affiant knows that subjects who traffic firearms and

illegally possess firearms often use their cellphones to take pictures of the firearms and also to take pictures of themselves with the firearms. Affiant is aware those who are prohibited from legally purchasing/possessing firearms must obtain firearms through other means, often times through a straw purchaser. A straw purchase can be described as the event where someone who can legally purchase/possess a firearm purchases a firearm on behalf of someone else. This is done in an effort to conceal the true identity of the intended recipient. Affiant is aware this is a commonly utilized technique by those previously convicted of felonies who seek to obtain firearms. Affiant is aware that cellular phones are capable of capturing location history for the device.

19. In my training and experience, I have learned that the Service Provider listed in Attachment A is a wireless provider that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

20. Based on my training and experience, I know that wireless providers can collect cell-site data about the Target Cell Phones listed in Attachment A. I also know that the Service

7

Provider typically collects and retains cell-site data pertaining to cellular phones to which it provides service in its normal course of business in order to use this information for various business-related purposes.

21. Based on my training and experience, I know that the Service Provider also collects more precise historical location information associated with cellular phones, which may be referred to as Per Call Measurement Data (PCMD), Range to Tower or Real-Time Tool (RTT) data, NELOS records, or Timing Advance Data (TrueCall). This data uses GPS or other technology to estimate an approximate location range of a cellular phone that is more precise than typical cell-site data.

22. Based on my training and experience, I know that wireless providers typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify Target Cell Phones' user or users and may assist in the identification of co-conspirators and/or victims.

8

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

24. I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served electronically on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number: (618) 713-6265 ("the TARGET CELL PHONE"). These records are stored at premises controlled by Verizon ("Service Provider") a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921, also described in Attachment A.

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information To Be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of May 1, 2021 to the present:

**A.     Subscriber Information and Call Detail Records:** The following information about the customers or subscribers of the Account listed Attachment A:

1. Subscriber/customer names (including usernames and screen names);

2. Subscriber/customer addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long-distance call detail and tolls records for the Account;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

Case 2:22-mj-00896-NJ     Filed 05/18/22     Page 18 of 20     Document 1

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

a. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

   i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

   ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

   iii. Records of user activity for each connection made to or from the Account, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses (IPV6 data records);

   iv. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

   v. All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

   vi. All historical GPS or other precision location information associated with the Account listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

3

**II.     Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of the violation of federal law, including, Title 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), Title 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying" and Title 18 U.S.C. § 371, conspiracy between May 1, 2021 and the present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.